**John E. LANE, Representative of the Estate of G. Kendrick Strong, Deceased, Plaintiff, Appellant,**

v.

**UNITED STATES of America, et al., Defendants, Appellees.**

No. 83–1524.

United States Court of Appeals, First Circuit.

Argued Dec. 8, 1983.
Decided Feb. 8, 1984.

Norman C. Ross, Cochituate, Mass., for plaintiff, appellant.

David English Carmack, Washington, D.C., with whom Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Gary R. Allen, Mary L. Fahey, Attys., Tax Division, Dept. of Justice, Washington, D.C., and William F. Weld, U.S. Atty., Boston, Mass., were on brief, for defendants, appellees.

Before COFFIN and BREYER, Circuit Judges, and MALETZ,* Senior Judge.

MALETZ, Senior Judge.

In 1980 Congress enacted the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the belief that certain persons "may be deterred from seeking review of . . . unreasonable governmental action because of the expense involved . . . ," and in the hope of "reduc[ing] the deterrents and disparity by entitling certain prevailing parties to recover an award of attorney fees . . . against the United States . . . ." H.R. Rep. No. 1418, 96th Cong., 2d Sess. 5–6 (1980), *reprinted in* 1980 U.S.Code Cong. & Ad.News 4953, 4984.

To that end section 2412(d)(1)(A) of the EAJA allows attorneys' fees and other expenses to be awarded in an action brought by or against the United States, provided that the applicant is a "prevailing party" in a "civil action," and that the position of the United States in the litigation was not "substantially justified." [1] One other condition precedent to a fee award, and the one upon which we focus here, is that the action

must be brought in a court "having jurisdiction of that action."

As will be discussed in greater detail, plaintiff-appellant John C. Lane made an application for attorney's fees pursuant to section 2412. In ruling on his application, the district court found that Lane was a prevailing party, and that the government had failed to meet its burden of showing that its position was substantially justified. His fee request was nevertheless denied based on the district court's further finding that it lacked jurisdiction over his complaint. For the reasons that follow, we affirm.

### I.

Plaintiff Lane, in his capacity as representative of the estate of G. Kendrick Strong, brought an action against the United States and various Internal Revenue Service officials seeking equitable relief in the nature of mandamus. Lane sought to prevent the government from interfering with his election to pay estate taxes in installments as provided under 26 U.S.C. § 6166 (1976). He alleged jurisdiction under 28 U.S.C. §§ 1331 and 1361 (1976), and 5 U.S.C. § 702 (1976).

The only conceivable basis for jurisdiction which the district court found was under the federal question provision of 28 U.S.C. § 1331. Still, in the face of the tax anti-injunction statute, 26 U.S.C. § 7421(a) (1976), the district court concluded that it lacked jurisdiction and, therefore, dismissed the action.

The anti-injunction statute provides in unequivocal terms that

[N]o suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the

---

* Of the United States Court of International Trade, sitting by designation.

1. That section provides:
    Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that

party in any civil action (other than cases sounding in tort) brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

person against whom such tax was assessed.

A judicially-created exception to this clear statutory bar to injunctive relief in tax cases was announced in *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). Under that exception, "if it is clear that under no circumstances could the Government ultimately prevail, ... and ... if equity jurisdiction otherwise exists," *id.* at 7, 82 S.Ct. at 1129, then the bar of section 7421(a) is inapplicable. However, "[o]nly if it is ... apparent [at the time the action is commenced] that, under the most liberal view of the law and the facts, the United States cannot establish its claim, may the suit for an injunction be maintained. Otherwise, the District Court is without jurisdiction, and the complaint must be dismissed." *Williams Packing Co.*, 370 U.S. at 7, 82 S.Ct. at 1129. *Accord Bob Jones University v. Simon*, 416 U.S. 725, 748–49, 94 S.Ct. 2038, 2051–52, 40 L.Ed.2d 496 (1974).

In addressing itself to whether the *Williams Packing* exception was applicable to Lane's complaint, the district court made two findings. First, it found that Lane had failed to show that he was without an adequate remedy at law. The district court additionally found that in any event Lane had made no showing that the government would certainly lose on the merits. Accordingly, the district court granted the government's motion to dismiss.

Pending an appeal to this court from that dismissal, the government conceded that the Strong estate qualified for section 6166 treatment. In an order dated October 29, 1982, this court dismissed Lane's appeal as moot, vacated the district court's order, and remanded the case without prejudice to any application for attorney's fees. On the question of attorney's fees this court "express[ed] no opinion whether attorney fees are warranted under 28 U.S.C. § 2412(d)." On remand, the district court denied Lane's fee request, for the very reason stated in that court's opinion granting the government's motion to dismiss—it was not a court having jurisdiction over Lane's action.[2] This second appeal followed.

## II.

◼ Lane's basic contention is that the word "jurisdiction" contained in the phrase "in any court having jurisdiction of that action" means "jurisdiction to determine jurisdiction." We have combed the legislative history of the EAJA, and find that it sheds no light on this question. *See* H.R. Rep. No. 1418, 96th Cong., 2d Sess. (1980), *reprinted in* 1980 U.S.Code Cong. & Ad. News 4984; H.R.Conf.Rep. No. 1434, 96th Cong., 2d Sess. (1980), *reprinted in* 1980 U.S.Code Cong. & Ad.News 5003. Given the absence of a clearly expressed legislative intention to the contrary, the plain language of the statute itself must be regarded as conclusive. *American Tobacco Co. v. Patterson*, 456 U.S. 63, 68, 102 S.Ct. 1534, 1537, 71 L.Ed.2d 748 (1982); *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980).

◼ A plain reading of the phrase "jurisdiction of that action" in section 2412(d)(1)(A), in our view, properly refers to subject matter jurisdiction—the power to decide the merits of the underlying action—and not to whether the court had jurisdiction to determine its jurisdiction. Nothing in the language of section 2412 supports Lane's view that the word "jurisdiction" is to be so expansively read. Furthermore, it must be borne in mind that since section 2412 is a limited waiver of sovereign immunity, it is to be narrowly construed and

---

**2.** The mere fact that this court remanded "without prejudice" in no wise foreclosed the district court from reaching the same conclusion it had reached previously as to its jurisdiction. Indeed, the district court's order was vacated, not reversed. Lane was permitted to litigate his attorney's fees request on remand which is all this court's mandate intended. *See*

*Brunswick Corp. v. Chrysler Corp.*, 287 F.Supp. 776 (E.D.Wis.1968).

In addition, we find Lane's contention that "the EAJA itself established general federal question jurisdiction" to be nothing short of puzzling. We have found no authority for this proposition, nor has Lane offered any.

strictly observed. *Rhode Island Committee on Energy v. General Services Administration,* 561 F.2d 397, 405 (1st Cir.1977). If Congress had intended the sweeping result which Lane suggests it could have easily done so by providing, for example, for an award of attorneys' fees "in any court where that action is brought." That Congress did not expressly so provide makes us reluctant to conclude that Congress meant in using the word "jurisdiction" to encompass such a far-ranging concept as "jurisdiction to determine jurisdiction." Adopting the broad interpretation Lane proffers would be patently at odds with a narrow construction of section 2412.

■ It is, of course, true that every federal court has the inherent power to determine as a preliminary matter its own subject matter jurisdiction. *See United States v. United Mine Workers,* 330 U.S. 258, 290–92 & n. 57, 67 S.Ct. 677, 694–95 & n. 57, 91 L.Ed. 884 (1947). But all of this begs the question which, we believe, the plain language of section 2412(d)(1)(A) implicitly asks: whether the district court had the power ultimately to decide the merits of the underlying action.

### III.

■ But for the interdiction of the anti-injunction statute, it is arguable that the district court would have had jurisdiction to reach the merits of Lane's complaint. But it is precisely because of that jurisdictional prohibition that the court necessarily did not have jurisdiction, finding, as it did, that Lane's complaint did not fall within the *Williams Packing* exception. The district court was, therefore, not a court "having jurisdiction of that action" for the purpose of a fee award under 28 U.S.C. § 2412.

All in all, we conclude that the district court was correct in denying Lane's request for attorney's fees.

*Affirmed.*