**James Edward ANTOSH, Plaintiff,**

v.

**FEDERAL ELECTION COMMISSION, Defendant.**

**Civ. A. No. 84–3048.**

United States District Court, District of Columbia.

July 1, 1987.

---

H. Richard Mayberry, Washington, D.C., Michael E. Avakian, Center on National Labor Policy, N. Springfield, Va., for plaintiff.

Charles N. Steele, Gen. Counsel, Richard B. Bader, Asst. Gen. Counsel, and David I. Futter, Federal Election Com'n, Washington, D.C., for defendant.

## OPINION

CHARLES R. RICHEY, District Judge.

### INTRODUCTION

On October 1, 1984, plaintiff filed this action challenging defendant's dismissal of his administrative complaint about alleged violations of the Federal Election Campaign Act of 1971. Specifically, plaintiff challenged defendant Federal Election Commission's dismissal of his complaint that the Tom Lantos for Congress Committee and its treasurer violated 2 U.S.C. § 441a(f) by taking contributions from two union political action committees in excess of the $5000 limit imposed by the law. *Complaint* at ¶ 8(ii). On December 21, 1984, this Court found that defendant Federal Election Commission had ignored "persuasive evidence" in the administrative record about the size of the union contributions, and it remanded the case to the Federal Election Commission for further action in light of this Court's findings. *See* 599 F.Supp. 850 (D.D.C.1984).

On January 18, 1985, plaintiff petitioned this Court for an award of costs and reasonable attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. The Court denied that motion on April 3, 1985, holding that sovereign immunity barred any such award as plaintiff's lawsuit was filed after that Act expired. On August 8, 1985, President Reagan signed a re-enacted Equal Access to Justice Act into law, and the new Act was made retroactive to the date on which the original Act expired. *See* Pub.L. 99–80, § 7(b). Shortly thereafter, plaintiff renewed his motion for an award of reasonable attorney's fees and costs, pursuant to 28 U.S.C. § 2412(a) and (b).

Since that time, the Court has received a barrage of filings on the issue of attorney's fees from both plaintiff and defendant, who vigorously opposes plaintiff's motion. In addition to the many legal memoranda, the Court has had the benefit of oral argu-

ment on this issue. The Court has carefully considered the papers, the arguments put forward at the hearing, the entire record in this case, and the underlying law, and it finds that it must deny plaintiff's motion.

## THE EQUAL ACCESS TO JUSTICE ACT REQUIRES THAT A COURT REEXAMINE ITS SUBJECT MATTER JURISDICTION OVER THE UNDERLYING LAWSUIT BEFORE GRANTING A PETITION FOR COSTS AND ATTORNEY'S FEES.

█ The Equal Access to Justice Act allows "a prevailing party in any civil action brought by or against the United States" or its agencies to obtain an award of costs and reasonable attorney's fees in certain circumstances. *Id.* at § 2412(a), (b). Defendant does not, and cannot, suggest that plaintiff is not a "prevailing party;" by virtue of this Court's December 24, 1984, decision, plaintiff has clearly prevailed within the meaning of the Act. Rather, defendant contends that this Court may not grant plaintiff's petition for costs and attorney's fees because it did not have jurisdiction over the underlying lawsuit.

As defendant never challenged this Court's jurisdiction during the pendency of the underlying suit or in a post-judgment motion pursuant to Fed.R.Civ.P. 60(b), and as defendant never appealed this Court's decision, defendant would ordinarily be foreclosed from challenging subject matter jurisdiction in a subsequent or collateral action. *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2428, 69 L.Ed.2d 103 (1981); *Silcox v. United Trucking Services*, 687 F.2d 848, 853 (6th Cir.1982); 18 C.A. Wright, A. Miller, E.H. Cooper, *Federal Practice and Procedure:* Jurisdiction § 4428 (1981). Consistent with this principle, the Equal Access to Justice Act does not permit an unsuccessful litigant to use its Opposition to a petition for costs and attorney's fees as a vehicle for seeking to invalidate the underlying decision. The Act does, however, force the Court to examine the jurisdictional basis for its decision in order to grant an award of costs and reasonable attorney's fees to the successful party.

This is mandated by the plain language of the Equal Access to Justice Act. It provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any *court having jurisdiction of that action.*

28 U.S.C. § 2412(d)(1)(A) (emphasis added).

The language of that section makes clear that a court must have "jurisdiction" not only of the petition for attorney's fees; only those courts "having jurisdiction of" the underlying "civil action" may consider whether to award attorney's fees and costs to a prevailing party. *Lane v. United States*, 727 F.2d 18, 20 (1st Cir.), *cert. denied*, 469 U.S. 829, 105 S.Ct. 113, 83 L.Ed.2d 57 (1984). The Court cannot ignore this command to review whether it indeed had jurisdiction when it resolved this lawsuit in plaintiff's favor. *See Iselin v. United States*, 270 U.S. 245, 250, 251, 46 S.Ct. 248, 250, 70 L.Ed. 566 (1926) (courts must give effect to clear language of particularized statutes); *see generally*, Frankfurter, *Some Reflections on the Reading of Statutes, reprinted in* 3 Sutherland Statutory Construction 409, 417 ("A judge ... must not read [words] out [of a statute] except to avoid patent nonsense or internal contradiction.... Legislative words presumably have meaning ..."). Ordinarily, this review would merely be a matter of form, but defendant has alerted the Court, albeit for the first time, to an alleged lack of jurisdiction, and the Court must now carefully consider whether it did indeed have jurisdiction of the underlying suit.[1]

---

1. The Court must repeat that the original judgment in plaintiff's favor cannot be affected by a finding at this point that the original award was faulty. The commands of the Equal Access to

THIS COURT DID NOT HAVE JURISDICTION OVER PLAINTIFF'S LAWSUIT AND IT THEREFORE CANNOT GRANT PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS.

Article III of the Constitution limits the jurisdiction of the federal courts to those actions in which there is a genuine case or controversy. *Synar v. United States*, 626 F.Supp. 1374, 1379 (D.D.C.), *affirmed sub nom. Bowsher v. Synar*, —— U.S. ——, 106 S.Ct. 3181, 92 L.Ed.2d 583 (1986). The requirement that litigants have standing to sue is, therefore, jurisdictional, as "[p]rinciples of standing ensure that one who invokes the power of a federal court satisfies this 'case or controversy' requirement." *Id.*; *see also, e.g., Allen v. Wright*, 468 U.S. 737, 751, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984); *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472, 102 S.Ct. 752, 758–59, 70 L.Ed.2d 700 (1982); *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 38, 41, 96 S.Ct. 1917, 1924, 1425–26, 48 L.Ed.2d 450 (1976).

To have standing to sue in federal court, a litigant must meet Article III's demand that he or she "show that he [or she] personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant...." *Valley Forge Christian College*, 454 U.S. at 472, 102 S.Ct. at 758. He or she must also show that the injury is " 'fairly traceable to the challenged action,' " *id.*, and " 'likely to be redressed by a favorable decision.' " *Id.*

In this case, plaintiff, who lives, works, and votes in Oklahoma, challenged the Federal Election Commission's dismissal of a complaint that a Congressional candidate from California accepted campaign contributions in excess of those allowed by law. Upon reflection, it is clear that plaintiff has not been injured by defendant's conduct.

Plaintiff's interest in the California election is no different from the interest of any citizen who wishes to ensure that candidates abide by the rules that govern elections. As Judge John H. Pratt of this Court has noted, in a case virtually identical to this one (and one that also involved plaintiff Antosh):

> ... the law of this court [is] that the plaintiff has no greater interest in ... congressional elections in any state in which he neither lives, works, nor votes than any other American citizen who votes in federal elections in another state. Plaintiff thus fails to satisfy the constitutional requisite of injury-in-fact because he does not allege an injury that is sufficiently peculiar to him 'to assure that the legal questions represented to the court will be resolved, not in the rarefied atmosphere of a debating society, but in a concrete factual context conducive to a realistic appreciation of the consequences of judicial action.' *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 [102 S.Ct. 752, 758, 70 L.Ed.2d 700] (1982). Plaintiff's concern with uncorrupted elections in sister states and the proper administration and enforcement of federal campaign laws is in effect merely a generalized grievance " 'shared in substantially equal measure by all or a large class of citizens.' " *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 99 [100, 99 S.Ct. 1601, 1608, 60 L.Ed.2d 66] (1979).

*Antosh v. Federal Election Commission*, Civil Action No. 86–179, slip op. at 6 (D.D.C. July 15, 1986). *See also, People Organized for Welfare and Employee Rights v. Thompson*, 727 F.2d 167, 172 (7th Cir.1984); *Antosh v. Federal Election*

---

Justice Act are no substitute for the ordinary methods by which a party may take issue with a questionable decision. Defendant never challenged the Court's jurisdiction in the underlying suit, never moved for reconsideration of the Court's decision, and never appealed that decision. The implicit finding of jurisdiction over this suit, whether erroneous or not, is *res judicata* for the purposes of the Court's decision in the underlying case. *See Federal Practice and Procedure: Jurisdiction* at § 4428. What the EAJA requires is that the Court reexamine jurisdiction only for the very limited purpose of determining whether costs and attorney's fees are properly awarded.

*Commission,* 631 F.Supp. 596 (D.D.C. 1986); *Antosh v. Federal Election Commission,* Civil Action No. 85–1410 (D.D.C. May 16, 1986).

 Thus, this Court must conclude that plaintiff had no standing to bring this lawsuit. As a result, this is not a court "having jurisdiction" over the underlying action. Under the clear language of the Equal Access to Justice Act, then, plaintiff is not entitled to an award of costs or attorney's fees.[2]

### CONCLUSION

Plaintiff has moved for an award of costs and reasonable attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. There is no question that plaintiff is a "prevailing party" within the meaning of that Act. *See id.* The Equal Access to Justice Act, however, imposes other requirements before a Court may award attorney's fees and costs; one such requirement is that a Court must reexamine the jurisdictional basis for its decision in favor of the prevailing party. The Court has done so, and finds that plaintiff did not have standing to bring this action. As such, the Court was without jurisdiction to enter its Order in plaintiff's favor, and plaintiff may not, under the explicit language of the Equal Access to Justice Act, recover attorney's fees or costs incurred in bringing litigation.

The Court will enter an Order, of even date herewith, memorializing these findings and denying plaintiff's motion for costs and attorney's fees.

---

**2.** Even if the Act did not explicitly prohibit the Court from granting plaintiff's motion for costs and attorney's fees, the Court would reach this result under the Act's provision allowing the Court to deny such a motion when "special circumstances make an award unjust." *See* 28 U.S.C. § 2412(d)(1)(A). At this point, the Court is powerless to correct its earlier oversight that plaintiff lacked standing to pursue this matter, but it surely would be most unjust to force defendant to pay the fees and costs incurred in a suit that plaintiff never should have pursued.