June 3, 1993
 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 92-2280 

 ANDREW TEMPELMAN AND PRISCILLA TEMPELMAN,

 Plaintiffs, Appellants,

 v.

 UNITED STATES OF AMERICA, ET AL.,

 Defendants, Appellees.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF NEW HAMPSHIRE

 [Hon. Joseph A. DiClerico, U.S. District Judge]
 

 

 Before

 Torruella, Cyr and Boudin,
 Circuit Judges.
 

 

Andrew Tempelman and Priscilla Tempelman on brief pro se.
 
Peter E. Papps, United States Attorney, James A. Bruton, Acting
 
Assistant Attorney General, Gary R. Allen, William S. Estabrook, and
 
Doris D. Coles, Attorneys, Tax Division, Department of Justice, on
 
brief for appellees.

 

 

 Per Curiam. Andrew and Priscilla Tempelman (the
 

taxpayers) filed a pro se action in federal district court

seeking to enjoin the Internal Revenue Service (IRS) from

collecting back taxes. The lower court denied relief,

concluding that the suit was barred by the Anti-Injunction

Act, 26 U.S.C. 7421(a). We agree with this determination

and therefore affirm.

 I.

 The taxpayers own and operate a small inn and restaurant

in Milford, New Hampshire. In 1990, the IRS served them with

notices of deficiency pursuant to 26 U.S.C. 6212 claiming

that approximately $130,000 in taxes, interest and penalties

were owed for the years 1984 and 1985.1 The taxpayers

thereafter filed a timely petition under 26 U.S.C. 6213 for

redetermination in tax court. On October 4, 1991, the

taxpayers and the IRS presented the court with a stipulated

agreement calculating a total liability for those years of

approximately $35,000 plus interest. The tax court judge

adopted this agreement in a decision dated November 27, 1991.

The taxpayers filed an appeal from this decision on May 20,

1992, claiming inter alia that they had been coerced by the
 

IRS and the tax court into signing the stipulation. Because

their notice of appeal was filed well past the 90-day period

prescribed by Fed. R. App. P. 13(a), we dismissed the appeal

for lack of jurisdiction on September 1, 1992. We thereafter

 

1. While the IRS also alleged deficiencies for the years
1983 and 1986-88, the instant case pertains only to the years
1984-85. 

denied their motion for reconsideration and for permission to

file late.

 Under 26 U.S.C. 6213(a), the IRS is prohibited from

making any assessment or levy or otherwise initiating

collection efforts until the decision of the tax court "has

become final"--which in this case occurred on February 25,

1992. See 26 U.S.C. 7481(a). In the stipulated decision
 

adopted by the tax court, however, the taxpayers expressly

agreed to waive this restriction. Accordingly, in December

1991, the IRS made assessments for the years 1984-85 in

accordance with that decision. Upon taxpayers' failure to

pay, the IRS in August 1992 levied upon their New Hampshire

bank account and filed a notice of tax lien against their

property. Taxpayers responded by filing their complaint for

injunctive relief.

 II.

 The Anti-Injunction Act provides, with certain

enumerated exceptions, that "no suit for the purpose of

restraining the assessment or collection of any tax shall be

maintained in any court by any person ...." 26 U.S.C. 

7421(a). In Enochs v. Williams Packing Co., 370 U.S. 1
 

(1962), the Court fashioned an additional exception to this

provision, holding that a suit for injunctive relief may lie

where (1) the taxpayer will suffer irreparable harm absent an

injunction, and (2) it is clear that "under no circumstances

 -3-

could the Government ultimately prevail" on the underlying

dispute. Id. at 7; accord, e.g., South Carolina v. Regan,
 

465 U.S. 367, 374 (1984); Commissioner v. Shapiro, 424 U.S.
 

614, 627 (1976); Bob Jones Univ. v. Simon, 416 U.S. 725, 737
 

(1974); Lane v. United States, 727 F.2d 18, 20 (1st Cir.),
 

cert. denied, 469 U.S. 829 (1984). The taxpayers here seek
 

to invoke this exception, arguing that they satisfy both of

the Enochs criteria. The district court (adopting the
 

recommendations of a magistrate-judge) disagreed, finding

that the taxpayers had established irreparable harm but had

failed to show that the government would under no

circumstances prevail. This determination is plainly

correct. The Enochs Court elaborated on the latter
 

requirement as follows:

 [T]he question of whether the Government has a
 chance of ultimately prevailing is to be determined
 on the basis of the information available to it at
 the time of suit. Only if it is then apparent
 that, under the most liberal view of the law and
 facts, the United States cannot establish its
 claim, may the suit for an injunction be
 maintained.

370 U.S. at 7. In attempting to meet this "heavy" burden,

McCarthy v. Marshall, 723 F.2d 1034, 1040 (1st Cir. 1983),
 

the taxpayers advance two arguments. First, they charge that

they were coerced into signing the stipulation, under threat

of dismissal of their petition, without having had the

opportunity to examine the agreement and the underlying

tabulations. The transcripts of the tax court proceeding

 -4-

undermine this claim.2 They reveal that the threat of

dismissal arose--not because of any heavy-handed tactics on

the part of the IRS or the court--but because of the

taxpayers' inadequate bookkeeping and their unwillingness to

produce records. Indeed, the court refrained from dismissing

the petition even while noting that the IRS was "entitled" to

such relief. Supp. App. at 52. Furthermore, although the

taxpayers appeared pro se, the court arranged for them to be

assisted by an attorney from a local law school's tax clinic,

who argued on their behalf. At the close of the hearing at

which the agreement was announced, the taxpayers praised the

judge. Id. at 42. After the judge's decision, the taxpayers
 

never filed a motion for reconsideration or a motion to

vacate or revise. See Tax Court Rules 161, 162. Any claim
 

of coercion or duress is, at the very least, far-fetched.

 Second, the taxpayers complain that, once the tax court

decision issued, the IRS attorney destroyed her personal

working papers containing the calculations underlying the

stipulated agreement. They contend that she was required to

retain those papers until the tax court decision became

 

2. Because the district court dismissed the complaint prior
to service of process on the government, these transcripts
were not part of the record below. The IRS, having submitted
them in a supplemental appendix to this court, asks that we
take judicial notice thereof. This request is granted. See,
 
e.g., Fed. R. Evid. 201; Taino Lines, Inc. v. M/V Constance
 
Pan Atlantic, 982 F.2d 20, 22 n.8 (1st Cir. 1992); United
 
States v. Berzon, 941 F.2d 8, 14 n.9 (1st Cir. 1991). 
 

 -5-

final. They argue that the attorney's calculations were

riddled with errors and omissions. And they conclude that,

since all "evidence" in support of the IRS' claim has now

been destroyed, the IRS has no chance of prevailing thereon.

 This line of reasoning is likewise unavailing. It is

hardly surprising that personal working papers would be

disposed of once a stipulated agreement has been reached and

entered. Such papers are obviously not the central evidence

in support of the IRS' claim that back taxes are due. And

the taxpayers' underlying complaint of IRS miscalculations,

having not been timely raised, falls well short of

establishing "that under no circumstances could the

Government ultimately prevail." We therefore agree with the

lower court that the Enochs exception is inapplicable.3
 

 The taxpayers' remaining arguments can be more readily

dismissed. First, they seek, in the alternative, to invoke

one of the statutory exceptions to the Anti-Injunction Act:

the provision in 6213(a) permitting a court to enjoin any

assessment made prior to the tax court's decision becoming

final. As mentioned, however, the taxpayers waived the

statutory bar on assessments being made prior to that time.

 

3. Indeed, in light of the dismissal of the appeal from the
tax court ruling, it might well be argued that the government
already has prevailed. We need not decide, however, whether
the instant matter is moot or is barred on res judicata
 
grounds, inasmuch as it is in any event without merit.

 -6-

Moreover, the filing of a notice of appeal operates to stay

the assessment or collection of a deficiency only if a bond

is filed with the tax court. See 26 U.S.C. 7485(a); Tax
 

Court Rule 192. No such bond was filed here. 

 Second, the taxpayers complain that the district court

dismissed their suit sua sponte prior to service of process
 

on the government. Yet the court's lack of authority was

apparent from the face of the complaint. The magistrate-

judge's report provided ample notice of the complaint's

deficiencies. And the taxpayers were afforded two

opportunities to correct those shortcomings: first in

objecting to the magistrate-judge's report, and later in

asking the district court to reconsider its judgment of

dismissal (the court, in fact, granted reconsideration and

then reinstated its dismissal). We thus need not decide

whether the court's sua sponte dismissal was error. Even if
 

it were, any such error was, under the circumstances, plainly

harmless. See, e.g., Purvis v. Ponte, 929 F.2d 822, 826-27
 

(1st Cir. 1991) (per curiam).4

 

4. The taxpayers also rely on the Shapiro Court's holding
 
that, before the applicability of the Enochs exception can be
 
ascertained, the government has the obligation to disclose
the factual basis for its assessments. See 424 U.S. at 626-
 
27. That holding is clearly inapposite. The Shapiro case
 
involved a jeopardy assessment made without any opportunity
for a prompt post-seizure inquiry into the basis for the IRS'
claim. Here, by contrast, the taxpayers have had a full
opportunity to contest the IRS' claim in tax court. 

 -7-

 Affirmed. The motion to amend pleading and the motion
 

to show cause are denied. 
 

 -8-