**DEMOCRATIC SENATORIAL CAMPAIGN COMMITTEE,**
Appellee,

v.

**FEDERAL ELECTION COMMISSION,**
Appellant.

**DEMOCRATIC SENATORIAL CAMPAIGN COMMITTEE,**
Appellee,

v.

**FEDERAL ELECTION COMMISSION,**
Appellant.

**No. 97–5160, 97–5161.**

United States Court of Appeals, District of Columbia Circuit.

Argued March 9, 1998.

Decided April 10, 1998.

Richard B. Bader, Associate General Counsel, Federal Election Commission, Washington, DC, argued the causes for appellant. With him on the briefs were Lawrence M. Noble, General Counsel, Washington, DC, and Vivien Clair and David Kolker, Attorneys, Washington, DC.

Marc E. Elias, Washington, DC, argued the causes for appellee. With him on the briefs was Robert F. Bauer.

Bobby R. Burchfield, Washington, DC, argued the cause in No. 97–5161 for amicus curiae the National Republican Senatorial Committee. With him on the briefs was Thomas O. Barnett.

Before: RANDOLPH, ROGERS, and TATEL, Circuit Judges.

Opinion for the Court filed PER CURIAM.

PER CURIAM:

The Democratic Senatorial Campaign Committee ("DSCC") is a political committee comprised of sitting Democratic members of the United States Senate. Its primary function is to aid the election of Democratic candidates to the Senate. In May 1993 DSCC lodged a complaint with the Federal Election Commission. The complaint alleged that the National Republican Senatorial Committee ("NRSC") donated some $187,000 to non-party organizations as part of a last-minute effort to funnel "soft money" into the 1992 United States Senate elections, in violation of the Federal Election Campaign Act of 1971, as amended, 2 U.S.C. §§ 431–455.

By February 1995 the Commission had neither dismissed the complaint nor assigned it to an enforcement team. DSCC sued the Commission in district court on the ground that the Commission's "failure to act" was "contrary to law" under 2 U.S.C. § 437g(a)(8). The district court agreed and issued a declaratory judgment to that effect. The court also granted DSCC's later application for attorney's fees and other expenses under the Equal Access to Justice Act, 28 U.S.C. § 2412. Thereafter, according to DSCC, the Commission continued to drag its feet. And so in September 1996, DSCC sued again, and again the district court found in its favor. In a May 1997 decision, the court declared that the Commission's "failure to take meaningful action" on the complaint within "a reasonable time" was "contrary to law," in violation of § 437g(a)(8). As a remedy, the court ordered the Commission to conform its conduct to the court's declaratory judgment within 30 days. See 2 U.S.C. § 437g(a)(8)(C). The Commission has appealed both the May 1997 order and the earlier award of attorney's fees and costs.

Both cases must be remanded to the district court for findings of fact and conclusions of law regarding DSCC's standing to sue the Commission under § 437g(a)(8). When the cases were in the district court no one contested DSCC's standing and the district court said nothing on the subject. The issue reared up only on appeal, mainly through the efforts of the amicus curiae. Shortly before we heard oral argument, the Supreme Court

handed down Steel Co. v. Citizens for a Better Environment, —— U.S. ——, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). Steel Co. seems to hold that before deciding the merits, federal courts must always decide Article III standing whenever it is in doubt. We say "seems" because two of the Justices comprising the five-Justice majority on this point interpreted the Court's opinion as not setting down an absolute, rigid, unbending rule. See id. at ——, 118 S.Ct. at 1020 (O'Connor, J., joined by Kennedy, J., concurring). In any event, we can think of no rational qualification or exception to remove these cases from the Steel Co. rule. Now that the question has been raised, we cannot go any further without first determining that DSCC had standing. But the factual record compiled in the district court is inadequate to the task. Because DSCC's standing was not disputed below, there is little evidence regarding the three standing requirements of injury-in-fact, causation, and redressability. See id. at ——–——, 118 S.Ct. at 1016–17; 28 U.S.C. § 2412(a)(1), (b); Friends of Boundary Waters Wilderness v. Thomas, 53 F.3d 881, 886 (8th Cir.1995); Lane v. United States, 727 F.2d 18, 20–21 (1st Cir.1984). Yet evidence there must be. The district court decided both cases on summary judgment, a stage at which standing turns not on allegations in the complaint but on "specific facts" established by evidence. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 2136–37, 119 L.Ed.2d 351 (1992) (internal quotation marks omitted); see National Law Ctr. on Homelessness & Poverty v. Kantor, 91 F.3d 178, 181 (D.C.Cir.1996); Humane Soc'y of the United States v. Babbitt, 46 F.3d 93, 98 (D.C.Cir.1995).

Accordingly, the cases are remanded to allow DSCC to present evidence so that the district court may determine whether DSCC has satisfied the injury-in-fact, causation, and redressability requirements of standing. As to the last of these, we note that the particular showing required of DSCC might well depend on the Supreme Court's decision in Akins v. FEC, 101 F.3d 731 (D.C.Cir.1996) (en banc), cert. granted, —— U.S. ——, 117 S.Ct. 2451, 138 L.Ed.2d 210 (1997). The Court heard oral argument in Akins on January 14, 1998. A report of the argument suggests that the Court's decision may deal

with the redressability element of standing under § 437g(a)(8). *See* Oral Argument Tr., *FEC v. Akins,* No. 96–1590, 1998 WL 12082 (U.S. argued Jan. 14, 1998).

If the district court concludes on remand that DSCC did not have standing, DSCC obviously would not be entitled to fees and other expenses under the Equal Access to Justice Act. *See* 28 U.S.C. § 2412(a)(1), (b); *Boundary Waters,* 53 F.3d at 886; *Lane,* 727 F.2d at 20–21. Should the court find that DSCC did have standing, the court should— in order to facilitate review of the fee award on appeal—explain the reasons why it resolved the "prevailing party" and "substantial justification" prongs in DSCC's favor. *See Farrar v. Hobby,* 506 U.S. 103, 111–12, 113 S.Ct. 566, 572–74, 121 L.Ed.2d 494 (1992); *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988).

*So ordered.*