United States Court of Appeals

 FOR THE DISTRICT OF COLUMBIA CIRCUIT

 Argued March 9, 1998 Decided April 10, 1998 

 No. 97-5161

 Democratic Senatorial Campaign Committee, 

 Appellee

 v.

 Federal Election Commission, 

 Appellant

 No. 97-5160

 Democratic Senatorial Campaign Committee, 

 Appellee

 v.

 Federal Election Commission, 

 Appellant

 


 Appeals from the United States District Court 

 for the District of Columbia 

 (96cv02184 & 95cv00349)

 Richard B. Bader, Associate General Counsel, Federal 
Election Commission, argued the causes for appellant. With 
him on the briefs were Lawrence M. Noble, General Counsel, 
and Vivien Clair and David Kolker, Attorneys.

 Marc E. Elias argued the causes for appellee. With him 
on the briefs was Robert F. Bauer.

 Bobby R. Burchfield argued the cause in No. 97-5161 for 
amicus curiae the National Republican Senatorial Commit-
tee. With him on the briefs was Thomas O. Barnett.

 Before: Randolph, Rogers, and Tatel, Circuit Judges.

 Opinion for the Court filed Per Curiam.

 Per Curiam: The Democratic Senatorial Campaign Com-
mittee ("DSCC") is a political committee comprised of sitting 
Democratic members of the United States Senate. Its pri-
mary function is to aid the election of Democratic candidates 
to the Senate. In May 1993 DSCC lodged a complaint with 
the Federal Election Commission. The complaint alleged 
that the National Republican Senatorial Committee 
("NRSC") donated some $187,000 to non-party organizations 
as part of a last-minute effort to funnel "soft money" into the 
1992 United States Senate elections, in violation of the Feder-
al Election Campaign Act of 1971, as amended, 2 U.S.C. 
ss 431-455.

 By February 1995 the Commission had neither dismissed 
the complaint nor assigned it to an enforcement team. DSCC 
sued the Commission in district court on the ground that the 
Commission's "failure to act" was "contrary to law" under 2 
U.S.C. s 437g(a)(8). The district court agreed and issued a 
declaratory judgment to that effect. The court also granted 
DSCC's later application for attorney's fees and other ex-
penses under the Equal Access to Justice Act, 28 U.S.C. 


s 2412. Thereafter, according to DSCC, the Commission 
continued to drag its feet. And so in September 1996, DSCC 
sued again, and again the district court found in its favor. In 
a May 1997 decision, the court declared that the Commis-
sion's "failure to take meaningful action" on the complaint 
within "a reasonable time" was "contrary to law," in violation 
of s 437g(a)(8). As a remedy, the court ordered the Commis-
sion to conform its conduct to the court's declaratory judg-
ment within 30 days. See 2 U.S.C. s 437g(a)(8)(C). The 
Commission has appealed both the May 1997 order and the 
earlier award of attorney's fees and costs.

 Both cases must be remanded to the district court for 
findings of fact and conclusions of law regarding DSCC's 
standing to sue the Commission under s 437g(a)(8). When 
the cases were in the district court no one contested DSCC's 
standing and the district court said nothing on the subject. 
The issue reared up only on appeal, mainly through the 
efforts of the amicus curiae. Shortly before we heard oral 
argument, the Supreme Court handed down Steel Co. v. 
Citizens for a Better Environment, 118 S. Ct. 1003 (1998). 
Steel Co. seems to hold that before deciding the merits, 
federal courts must always decide Article III standing when-
ever it is in doubt. We say "seems" because two of the 
Justices comprising the five-Justice majority on this point 
interpreted the Court's opinion as not setting down an abso-
lute, rigid, unbending rule. See id. at 1020 (O'Connor, J., 
joined by Kennedy, J., concurring). In any event, we can 
think of no rational qualification or exception to remove these 
cases from the Steel Co. rule. Now that the question has 
been raised, we cannot go any further without first determin-
ing that DSCC had standing. But the factual record com-
piled in the district court is inadequate to the task. Because 
DSCC's standing was not disputed below, there is little 
evidence regarding the three standing requirements of inju-
ry-in-fact, causation, and redressability. See id. at 1016- 17; 
28 U.S.C. s 2412(a)(1), (b); Friends of Boundary Waters 
Wilderness v. Thomas, 53 F.3d 881, 886 (8th Cir. 1995); Lane 
v. United States, 727 F.2d 18, 20-21 (1st Cir. 1984). Yet 
evidence there must be. The district court decided both 


cases on summary judgment, a stage at which standing turns 
not on allegations in the complaint but on "specific facts" 
established by evidence. Lujan v. Defenders of Wildlife, 504 
U.S. 555, 561 (1992) (internal quotation marks omitted); see 
National Law Ctr. on Homelessness & Poverty v. Kantor, 91 
F.3d 178, 181 (D.C. Cir. 1996); Humane Soc'y of the United 
States v. Babbitt, 46 F.3d 93, 98 (D.C. Cir. 1995).

 Accordingly, the cases are remanded to allow DSCC to 
present evidence so that the district court may determine 
whether DSCC has satisfied the injury-in-fact, causation, and 
redressability requirements of standing. As to the last of 
these, we note that the particular showing required of DSCC 
might well depend on the Supreme Court's decision in Akins 
v. FEC, 101 F.3d 731 (D.C. Cir. 1996) (en banc), cert. granted, 
117 S. Ct. 2451 (1997). The Court heard oral argument in 
Akins on January 14, 1998. A report of the argument 
suggests that the Court's decision may deal with the redress-
ability element of standing under s 437g(a)(8). See Oral 
Argument Tr., FEC v. Akins, No. 96-1590, 1998 WL 12082 
(U.S. argued Jan. 14, 1998).

 If the district court concludes on remand that DSCC did 
not have standing, DSCC obviously would not be entitled to 
fees and other expenses under the Equal Access to Justice 
Act. See 28 U.S.C. s 2412(a)(1), (b); Boundary Waters, 53 
F.3d at 886; Lane, 727 F.2d at 20-21. Should the court find 
that DSCC did have standing, the court should--in order to 
facilitate review of the fee award on appeal--explain the 
reasons why it resolved the "prevailing party" and "substan-
tial justification" prongs in DSCC's favor. See Farrar v. 
Hobby, 506 U.S. 103, 111-12 (1992); Pierce v. Underwood, 
487 U.S. 552, 565 (1988).

So ordered.