Rein J. VANDER ZEE, Appellee,

v.

Kimon T. KARABATSOS, Defendant,

v.

SAVAGE/FOGARTY 1800 KENT STREET, INC., Defendant,

and

District-Realty Title Insurance Corporation, Appellant.

No. 81–2202.

United States Court of Appeals, Fourth Circuit.

Argued June 11, 1982.

Decided July 7, 1982.

---

Charles A. Trainum, Jr., Washington, D. C. (Daniel R. Mackesey, Glassie, Pewett, Dudley, Beebe & Shanks, P. C., Washington, D. C., on brief), for appellant.

Walter T. Charlton, Washington, D. C., for appellee.

Before HAYNSWORTH, Senior Circuit Judge, and BUTZNER and HALL, Circuit Judges.

HALL, Circuit Judge:

Co-defendant, District-Realty Title Insurance Corporation appeals an order of the district court dismissing garnishment proceedings instituted by plaintiff, Rein Vander Zee. Finding that action to be premature, we reverse and remand for the taking of evidence.

This case comes before us upon a rather unusual set of facts. In May, 1981, Vander Zee obtained a judgment against defendant Savage/Fogarty 1800 Kent Street, Inc. (Savage) in the amount of $74,531.16. Vander Zee then filed this garnishment action in the eastern district of Virginia against District-Realty Title Insurance Corporation (District-Realty) seeking to recover escrow funds alleged to be owing to defendant Savage. A garnishment summons was served upon District-Realty and the case was set to be heard before a United States Magistrate.

On the day of the hearing, District-Realty's counsel failed to appear. Pursuant to Va.Code § 8.01–564, the magistrate accepted evidence from Vander Zee ex parte which established that District-Realty held $20,000.00 in escrow for the judgment debtor, Savage. Accordingly, under Va.Code § 8.01–516, judgment in that amount, plus accrued interest, was entered by the magistrate in favor of Vander Zee. Thereafter, District-Realty paid over the escrow funds ($22,156.22, including accrued interest) to plaintiff's counsel who, in turn, filed a praecipe requesting that the court record the judgment as paid, satisfied and released.

Pursuant to Fed.R.Civ.P. 60(b), District-Realty filed a motion to vacate the final judgment on the ground that it was entered as a result of mistake, inadvertence or excusable neglect. It later amended the motion to allege that, under 28 U.S.C. § 636, the magistrate lacked jurisdiction to enter judgment. After a hearing on the motion, the district court judge vacated the magistrate's order as void on the ground that she lacked the authority to enter judgment. At the close of the hearing the judge continued the case for two weeks, giving each party the opportunity to file any further appropriate pleadings. Subsequently, District-Realty submitted a "Verified Statement In Response To Garnishment Summons" admitting that it had held $20,000.00 in escrow in which Savage had a contingent interest, but contending that Savage had not yet satisfied the conditions of the escrow agreement which would entitle it to the escrow funds. Attached to the statement was an affidavit supporting this contention along with a copy of the escrow agreement. Vander Zee countered with a motion requesting that judgment be entered in his favor on the basis of the escrow agreement and the proceedings before the magistrate.

·At a second hearing before the judge, neither side presented any evidence to show whether the terms of the escrow agreement had been satisfied or to explain whether District-Realty paid the funds over to Vander Zee pursuant to the initial garnishment summons or to satisfy the void judgment. Indeed, the judge discouraged the presentation of such evidence, saying that he would read the escrow agreement to determine who was entitled to the money.

On the basis of the foregoing, the judge ruled that District-Realty voluntarily paid the escrow funds and accrued interest to plaintiff's counsel pursuant to the garnishment summons duly served upon it. Therefore, since the garnishment summons had been satisfied, the court ordered the case dismissed. From that order, District-Realty appeals seeking return of the money and judgment on the merits.

In effect, the lower court treated this matter as a motion for summary judgment and, by finding that District-Realty had voluntarily paid Vander Zee, decided the case in plaintiff's favor. We cannot agree, however, that the record, in its present state, supports this finding of voluntary payment. In short, there was simply no evidence from which the court could conclude that District-Realty's payment was either voluntary or involuntary. If the money was paid pursuant to the initial garnishment summons, the payment must be considered voluntary and District-Realty would have no right to demand its return. Conversely, if the funds were turned over as payment on the void judgment, the payment was involuntary and District-Realty would be entitled to restitution, *see Simmons v. Simmons*, 91 W.Va. 32, 112 S.E. 189 (1922), unless, of course, Vander Zee can establish that he is entitled to the money on the merits of the underlying garnishment. We therefore remand this case to the district court for the taking of evidence to determine whether the transfer of money was voluntary or involuntary, and, if involuntary, which party is entitled to the funds on the merits of the garnishment itself.[1]

At oral argument, Vander Zee's counsel suggested that even if District-Realty is entitled to restitution, consideration of this matter is inappropriate in the instant suit because District-Realty failed to properly move the lower court for return of the funds. While our reading of the record is consistent with that assertion, we believe that, in the interest of judicial economy, the district court should permit the parties to amend their respective pleadings so that this issue may be properly considered on remand.

For the foregoing reasons, the order of the district court dismissing this action is reversed and the case is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

---

1. We note that both sides argue that they are entitled to the funds in question on the merits of the garnishment. Suffice to say that, due to the nature of the proceedings below, the merits of this case have yet to be fully developed. Moreover, in summarily dismissing the action, the district court never actually ruled on the merits. Accordingly, we express no opinion as to which party is entitled to judgment on the garnishment summons and leave this matter for determination by the district court should it be necessary to reach this issue on remand.