752 F.2d 406
 40 Fed.R.Serv.2d 1415
 Paul E. WATTS and Lynn Watts, his wife, individually and as
husband and wife, Plaintiffs-Appellants,
v.
Loren G. PINCKNEY, dba Pinckney Construction Company,
Defendant-Third Party Plaintiff/Appellee.
Paul E. WATTS and Lynn Watts, his wife, individually and as
husband and wife, Plaintiffs-Appellants,
v.
Loren G. PINCKNEY, dba Pinckney Construction Company,
Defendant-Third Party Plaintiff/Appellee,
v.
UNITED STATES of America, Third-Party Defendant-Appellee.
 Nos. 83-2616, 83-2715.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 2, 1984.
Decided Jan. 22, 1985.
 
 John B. Schuyler, Jr., John M. Favour, Favour, De Pasquale, Moore & Schuyler, P.A., Prescott, Ariz., for plaintiffs-appellants.
 Robert P. Simbro, Phoenix, Ariz., Paul Gary Sterling, San Francisco, Cal., for defendant-third party plaintiff-appellee.
 Appeal from the United States District Court for the District of Arizona at Phoenix.
 Before FARRIS, ALARCON, and NORRIS, Circuit Judges.
 ALARCON, Circuit Judge:
 
 
 1
 These are consolidated appeals from two separate judgments entered against Paul E. Watts and Lynn Watts (hereinafter the Watts). We are asked to decide: (1) whether the district court lacked subject matter jurisdiction in an action against the United States under the Suits in Admiralty Act, 46 U.S.C. Sec. 742 and (2) whether the court had the authority to vacate a void judgment and to order restitution pursuant to Fed.R.Civ.P. 60(b)(4). For the reasons set forth below, we affirm both judgments.
 
 I PERTINENT FACTS
 
 2
 On September 12, 1975, the Watts' houseboat was severely damaged during a storm while moored at a marina operated under the authority of the National Park Service (hereinafter United States). When the damage occurred, Loren G. Pinckney, doing business as the Pinckney Construction Company (hereinafter Pinckney), was in the process of relocating a floating breakwater pursuant to a contract with the United States.
 
 
 3
 On November 30, 1976, the Watts filed a diversity action against Pinckney in which it was alleged that the vessel was destroyed as a direct result of Pinckney's negligence in moving the breakwater. On August 30, 1977, Pinckney filed a third-party complaint against the United States in which he sought indemnity for any damages that might be awarded to the Watts.
 
 
 4
 On June 30, 1978,--thirty-three months after the cause of action arose--the Watts filed an amended complaint which joined the United States as a defendant. The amended complaint alleged that "Pinckney was employed under the direct supervision and control of the United States." (CR 114(5)). Federal jurisdiction was invoked under the Federal Tort Claims Act (FTCA) 28 U.S.C. Sec. 1346(b), Secs. 2671-2680 and the Suits in Admiralty Act (SSA), 46 U.S.C. Secs. 741-752. The complaint was mailed to the United States Attorney and the United States Department of Justice.
 
 
 5
 On August 25, 1978, the United States answered. At the same time, it filed a cross-complaint against Pinckney claiming a right to indemnification.
 
 
 6
 On July 3, 1980, the district court entered judgment in favor of the Watts on their amended complaint against Pinckney and the United States. Judgment was entered in favor of Pinckney against the United States in the third-party complaint.
 
 
 7
 The United States appealed both judgments. Pinckney did not appeal the judgment against him. Instead, he paid the Watts the full amount awarded by the court.
 
 
 8
 In a memorandum disposition filed on November 24, 1982, we held that the Watts' claim was exclusively within admiralty jurisdiction and that the Watts' remedy was solely against the United States. 696 F.2d 1003, 696 F.2d 1005. We reversed and remanded to the district court with directions to determine: (1) whether the mailing of the amended complaint to the United States Attorney satisfied the "forthwith service" requirements of 46 U.S.C. Sec. 742 and (2) whether the complaint could satisfy the two year statute of limitation period in 46 U.S.C. Sec. 745 in light of the relation back doctrine set forth in Fed.R.Civ.P. 15(c).
 
 
 9
 The district court determined that it lacked subject matter jurisdiction because the Watts failed to comply with the "forthwith service" requirements of 46 U.S.C. Sec. 742. The Watts' complaint against the United States was dismissed on November 22, 1983.
 
 
 10
 The Watts' appeal No. 83-2715 is from this judgment.
 
 
 11
 On June 24, 1983, Pinckney filed a motion pursuant to Fed.R.Civ.P. 60(b)(4) in which he requested that judgment against him be vacated as void. He also requested that the court order restitution of the funds paid in satisfaction of that judgment.
 
 
 12
 On September 1, 1983, the district court granted this motion stating:
 
 
 13
 [T]hat by virtue of the law as set forth in the Memorandum Opinion of the 9th Circuit, Court of Appeals, [the Watts'] cause of action was exclusively against the United States of America; that the judgment against [Pinckney] is void; that pursuant to Rule 60(b)(4), Federal Rules of Civil Procedure, [Pinckney] is entitled to be relieved from the effect of a final judgment which is void; that as the underlying judgment is void, the Court must grant appropriate Rule 60(b) relief.
 
 
 14
 The Watts attack this order in Appeal No. 83-2716.
 
 II DISCUSSION
 
 15
 A. Effect of the Absence of Forthwith Service (Appeal No. 83-2715)
 
 
 16
 In our earlier decision, we held that the Watts' case arose solely within admiralty jurisdiction. In order to effect jurisdiction over the United States in an admiralty action:
 
 
 17
 The libelant shall forthwith serve a copy of his libel on the United States Attorney of such district and mail a copy thereof by registered mail to the Attorney General of the United States and shall file a sworn return of such service and mailing. Such service and mailing shall constitute valid service on the United States.
 
 
 18
 46 U.S.C. Sec. 742.
 
 
 19
 The record satisfies us that the Watts failed to comply with the "forthwith service" requirement of Sec. 742. The record conclusively demonstrates that "forthwith service" was not effected. The amended complaint was filed thirty-three months after the cause of action arose. The United States Attorney and the Attorney General of the United States were not served as required by Congress.
 
 
 20
 We have consistently held that a "failure to comply with the forthwith service demand of Sec. 742 is a jurisdictional defect which denied a court subject matter jurisdiction in the controversy." Amella v. United States, 732 F.2d 711, 713 (9th Cir.1984), citing Kenyon v. United States, 676 F.2d 1229 (9th Cir.1981) (per curiam).
 
 
 21
 The district court's dismissal of the Watts' claim against the United States for lack of subject matter jurisdiction was compelled by the law of this circuit.[1]
 
 
 22
 B. Dismissal of Void Judgment is a Direct Attack (Appeal No. 83-2716)
 
 
 23
 The Watts' amended complaint alleged that Pinckney was acting as an agent of the United States. As noted above, we held in our memorandum disposition of the appeal filed by the United States that the Watts' exclusive remedy, under 46 U.S.C. Sec. 745[2], was against the United States.
 
 
 24
 Pinckney successfully persuaded the district court to vacate the judgment and to order restitution by invoking Fed.R.Civ.P. 60(b)(4) which provides:
 
 
 25
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: ...
 
 
 26
 (4) the judgment is void.
 
 
 27
 The district court held that the original judgment against Pinckney was invalid for lack of jurisdiction.
 
 
 28
 The Watts contend that the court was without power to act under Rule 60(b)(4) because the judgment against Pinckney was merely erroneous, not void.
 
 
 29
 Relying on Kansas City Southern Ry. Co. v. Great Lakes Carbon, 624 F.2d 822 (8th Cir.), cert. denied, 449 U.S. 955, 101 S.Ct. 363, 66 L.Ed.2d 220 (1980), the Watts contend that the district court was without power to declare the judgment against Pinckney void under Rule 60(b)(4). This authority is neither dispositive nor apposite.
 
 
 30
 In Kansas City Southern Ry. Co., the Eighth Circuit was required to determine whether the failure of the district court to join an indispensable party pursuant to 28 U.S.C. Sec. 2322 rendered a prior judgment void under Section 60(b)(4). The Eighth Circuit held that it did not. The court held that absence of subject matter jurisdiction will render a judgment void when there is a " 'total want of jurisdiction' as distinguished from an error in the exercise of jurisdiction." Id. at 825.
 
 
 31
 The Eighth Circuit noted that the district court had personal jurisdiction over the appellant Kansas City Southern Railway Company and "jurisdiction over the general subject matter and accordingly could decide whether the United States should be joined and whether its non joinder was a jurisdictional defect." Id. at 826.
 
 
 32
 Here, there was a total want of jurisdiction over the claim against Pinckney due to the strict requirements of Sec. 745. Williams v. United States, 711 F.2d 893, 897 (9th Cir.1983). Section 745 mandates that an action in admiralty be brought solely against the United States. The remedy for an aggrieved party "is exclusive of any action against the agent or employee of the United States whose act or omission gave rise to the claims." Doyle v. Bethlehem Steel Corp., 504 F.2d 911, 912 (5th Cir.1974); Smith v. United States, 346 F.2d 449 (4th Cir.), cert. denied, 382 U.S. 878, 86 S.Ct. 163, 15 L.Ed.2d 119 (1965) (intent of Congress in promulgating proviso excluding agent from suitability was not to keep alive liability of private person, firm, or corporation). The district court correctly concluded that the original judgment against Pinckney was void and the proper subject of a 60(b)(4) motion to vacate.
 
 
 33
 It is well settled that a judgment is void "if the court that considered it lacked jurisdiction of the subject matter, or if the parties or if [the court] acted in a manner inconsistent with due process of law." Vol. 11, Wright and Miller, Federal Practice and Procedure at 198, 200 (emphasis added); Textile Banking Co., Inc. v. Rentschler, 657 F.2d 844, 850 (7th Cir.1981) (judgment is void if the court lacked jurisdiction); Marshall v. Board of Ed. Bergenfield, N.J., 575 F.2d 417, 422 (3d Cir.1978) (judgment may be void and therefore subject to relief under 60(b)(4) if rendering court lacked subject matter jurisdiction).
 
 
 34
 The Watts assert that Pinckney was not entitled to relief because Rule 60(b)(4) applies only to relief from judgments. We are told that "where the judgment previously entered by a court has been fully paid and satisfied, the judgment no longer exists, the duties and obligations imposed by the judgment are extinguished and there remains nothing from which the party seeking relief can be relieved." The Watts rely on Mitchell v. Lindley, 351 P.2d 1063, 1067 (Okla.1960) in support of this argument. The Mitchell decision is inapplicable to a challenge of a void judgment. The Oklahoma court, after noting that the appellant did not contend that the judgment was void, held that "a correct judgment, although based on the wrong reasons, will not be set aside on appeal." Id. at 1066. Here, the judgment against Pinckney was void. Thus, Pinckney was entitled to restitution under Section 60(b)(4). See Jordan v. Gilligan, 500 F.2d 701, 704 (6th Cir.1974), cert. denied, 421 U.S. 991, 95 S.Ct. 1996, 44 L.Ed.2d 481 (1975) (a Rule 60(b) motion is proper where appellants failed to object to an award of attorney's fees and expenses until after the judgment is entered and execution proceedings were undertaken); See also Vander Zee v. Karabatsos, 683 F.2d 832 (4th Cir.1982) (garnisher entitled to restitution of payment made on void judgment).
 
 
 35
 The Watts also argue that the doctrine of res judicata precludes a collateral attack upon a court's determination of its own jurisdiction. In support of this proposition, the Watts cite Chicot County Drainage District v. Baxter State Bank, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940) and Lubben v. Selective Service System Local Board No. 27, 453 F.2d 645 (1st Cir.1972). While it is true that these cases provide that res judicata bars a collateral attack on a final judgment, the Watts' reliance on these decisions is misplaced.
 
 
 36
 Pinckney's attack on the judgment was direct, not collateral. A direct attack is defined as follows:
 
 
 37
 A direct attack on a judicial proceeding is an attempt to correct it, or to void it, in some manner provided by law to accomplish that object. It is an attack ... by appropriate proceedings between the parties to it seeking, for sufficient cause alleged, to have it annulled, reversed, vacated or declared void.
 
 
 38
 1B J. Moore, Moore's Federal Practice p 0.407 at 282 n. 1, quoting Intermill v. Nash, 94 Utah 271, 75 P.2d 157.
 
 
 39
 The doctrine of res judicata does not apply to direct attacks on judgments. "Res judicata does not preclude a litigant from making a direct attack [under Rule 60(b) ] upon the judgment before the court which rendered it." Jordan v. Gilligan, 500 F.2d at 710, quoting 1B J. Moore, Moore's Federal Practice p 0.407 at 931 (2d ed. 1973).
 
 
 40
 The district court was compelled to exercise its authority under Rule 60(b)(4) to vacate the judgment against Pinckney. "A void judgment is a legal nullity and a court considering a motion to vacate has no discretion in determining whether it should be set aside." Jordan at 704, citing 7 J. Moore, Moore's Federal Practice, p 60.25 at 301 (2d ed. 1973).
 
 
 41
 The judgment in each matter is AFFIRMED.
 
 
 42
 NORRIS, Circuit Judge, concurring separately.
 
 
 43
 I concur in Judge Alarcon's opinion except for Part IIB. I concur in Part IIB solely to the extent it rests on the ground that appellants' failure to comply with the forthwith requirements of 46 U.S.C. Sec. 742 resulted in a total want of jurisdiction and, therefore, the district court's judgment was void and subject to attack pursuant to Rule 60(b)(4). I think that Judge Alarcon's discussion of res judicata and direct versus collateral attack is unnecessary to the disposition of the case.
 
 
 
 [1]
 We do not address the Watts' other arguments in Appeal No. 83-2715 because of our determination that the district court lacked subject matter jurisdiction
 
 
 [2]
 Section 745 provides in relevant part:
 Suits as authorized by this chapter may be brought only within two years after the cause of action arises: Provided, that where a remedy is provided by this chapter it shall hereafter be exclusive of any other action by reason of the same subject matter against the agent or employee of the United States or of any incorporated or unincorporated agency thereof whose act or omission gave rise to the claim ...