**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**87 SKYLINE TERRACE; 47 Ridge Ave., Mill Valley, California, Defendants,**

**and**

**John Olagues, Norman Olagues and Southern Diversified Investors Inc., Claimants–Appellants.**

**No. 92–16265.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 17, 1993 \*.

Submission Withdrawn March 2, 1994.

Resubmitted April 18, 1994.

Decided June 6, 1994.

N.C. Deday LaRene, Detroit, MI, and Doron Weinberg, Larson & Weinberg, San Francisco, CA, for claimants-appellants.

Michael D. Howard, Asst. U.S. Atty., San Francisco, CA, for plaintiff-appellee.

Before: WALLACE, Chief Judge, GARTH ** and WIGGINS, Circuit Judges.

Opinion by Judge WIGGINS.

WIGGINS, Circuit Judge:

The Internal Revenue Service (IRS) initiated forfeiture proceedings against two properties owned by appellants. The IRS failed to obtain prior authorization from the Treasury Secretary, as it was statutorily required to do. The district court dismissed with prejudice for lack of subject matter jurisdiction. Appellants moved for both attorneys' fees and restoration. The district court granted attorneys' fees, but awarded a significantly lower amount than appellants requested. The district court denied the motion for restoration. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, and reverse and remand in part.

I.

Between 1983 and 1988, appellants built and sold a number of expensive homes in Mill Valley, CA. In December of 1986, the IRS began to investigate appellants for tax fraud. The IRS believed that appellants had devised a scheme to evade taxes on the proceeds from the sales of the homes. The scheme included filing fraudulent deeds of trust with the County Recorder's Office and paying "a fair amount" of the contractors' costs in gold coins. Appellants had not filed a tax return since 1983. The IRS alleged that it obtained a letter to appellant Norman Olagues, handwritten and signed by appellant John Olagues, evidencing John Olagues's intent to evade taxes. John Olagues wrote, "I want to put mortgages on Princeton and Ridge for $500,000 [and] $600,000 respectively. We are not going to actually borrow any money but we are establishing mortgages which will make any potential assessments from the IRS subordinate to the $500,000 and $600,000 mortgages. If the IRS would subsequently lien the properties, we could then borrow the money or at least most of

the [$500,000] or [$600,000] and just let the I.R.S. take what is left."

During the tax fraud investigation, the IRS learned that appellants were in the process of selling their last two properties, 87 Skyline Terrace and 47 Ridge Avenue, Mill Valley, CA. The IRS alleged that appellants planned to deposit $1,000,000 profit on the transactions into a Swiss bank account. The IRS therefore filed Forfeiture Complaints against the two properties. Appellants in turn filed Notices of Claims for the two properties.

Both properties were already in escrow and subject to signed sales contracts. Consequently, appellants and appellee stipulated that the sales should go forward and that the proceeds should be deposited into an interest-bearing account under the supervision of the United States Marshals Service until the forfeiture actions were resolved. The district court entered orders confirming the sales and instructing that the proceeds be deposited accordingly. The sales went forward. The Marshals Service made an error, however. The Service did not deposit the proceeds from the sale of 87 Skyline Terrace into an interest-bearing account. Consequently, the district court later ordered the Service to pay appellants $74,489 in interest on the proceeds from the sale of 87 Skyline Terrace.

On May 10, 1989, appellants deposed Internal Revenue Special Agent Stephen V. Shekter. Agent Shekter testified that the IRS had not obtained authorization from the Treasury Secretary prior to the seizure and initiation of forfeiture proceedings. The failure to obtain authorization was a violation of 26 U.S.C. § 7401.[1] This violation ultimately caused the district court to dismiss the forfeiture actions. Appellants contend that this deposition provided them with the first evidence of the illegality of the forfeiture proceedings. During this same discovery period, John Olagues failed to appear to be deposed on three separate occasions.

** Hon. Leonard I. Garth, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

1. Section 7401 of 26 U.S.C. provides: *"No civil action for* the collection or recovery of taxes, or of any fine, penalty, or *forfeiture, shall be commenced unless the Secretary authorizes* or sanctions the proceedings and the Attorney General or his delegate directs that the action be commenced."* (Emphasis supplied.)

In the meantime, a grand jury investigation was under way against John Olagues for violations of the criminal tax laws. The parties stipulated to a stay of the civil proceedings until the criminal investigation was completed. The district court granted a joint motion to stay these proceedings.

On January 18, 1991, appellants filed a motion to lift the stay for the limited purpose of determining a motion to dismiss for lack of subject matter jurisdiction. Appellants argued that the district court lacked subject matter jurisdiction because the IRS never obtained authorization from the Treasury Secretary. *See* 26 U.S.C. § 7401. In response, Assistant United States Attorney Michael D. Howard (Howard), appellee's principal counsel in the forfeiture actions, asserted that it had been his understanding that authorization was obtained before the properties were seized. Howard further declared that appellants' motion prompted him to search for a record of the authorization. He alleged that it was not until this time that he learned there was no written record authorizing the two forfeiture actions, nor did anyone remember giving oral authorization. Having failed to find a record of authorization, appellee acceded to appellants' motion to dismiss for lack of subject matter jurisdiction. On February 11, 1991, the district court entered an order dismissing the case with prejudice and instructing the Marshals Service to release the proceeds from the sale of the two properties, plus interest.

On May 10, 1991, appellants filed several post-dismissal motions. Appellants moved in relevant part (1) for $158,807.99 [2] in attorneys' fees and costs under Rule 11 and the Equal Access to Justice Act (EAJA); (2) for sanctions under Rule 11 in the form of $4,301.20 in interest on the proceeds from 87 Skyline Terrace which were not deposited into an interest-bearing account; and (3) for restoration.

On May 29, 1992, the district court entered an order disposing of appellants' post-dismissal motions. It granted appellants' motion for attorneys' fees under Rule 11. The district court found that appellee acted unreasonably in asserting that the forfeiture actions were authorized by the Treasury Secretary. The district court also found, however, that appellants should have discovered the lack of jurisdiction within two months of filing their answer. The district court stated, "[I]t does not appear that there was a good reason for any gap of more than two months." The district court then concluded that appellants were only entitled to attorneys' fees incurred during this two-month period. Accordingly, the district court awarded appellants $1,500.[3] The district court declined to award attorneys' fees under the EAJA.

The district court also granted appellants' motion for Rule 11 sanctions on other grounds. The district court determined that sanctions were appropriate because appellee failed to deposit the proceeds from 87 Skyline Terrace into an interest-bearing account and because Howard falsely declared that the proceeds had been so deposited. The district court found that monetary sanctions were inappropriate under the circumstances, however. The loss of interest did not appear to be anything other than a mere failure to act. And, the loss of interest was not caused by Howard's erroneous declarations. Thus, the district court sanctioned only by public reprimand.

The district court denied the motion for restoration. The district court determined that the remedy sought was a tort claim, and thus must be brought under the Federal Torts Claims Act (FTCA). The FTCA requires that administrative remedies be exhausted before judicial relief is granted. Because appellants had not satisfied this prerequisite, the district court denied relief.

---

**2.** Appellants assert that they were seeking $196,-533.66.

**3.** The district court found that appellant should be compensated for attorneys' fees incurred in connection with a status conference, held on January 20, 1989, and the preparation, service and filing of the claims and answers. The dis-

trict court also granted attorneys' fees for preparation, service and filing of the motion to dismiss, even though this work was performed outside the two-month period. The district court determined appellants' attorneys worked fifteen hours at an hourly rate of $100.

## II.

### A. Attorneys' Fees Under Rule 11

Appellants contend the district court abused its discretion in awarding only $1,500 in attorneys' fees on the basis of Rule 11. Specifically, appellants contend that the district court abused its discretion by finding that appellants should have discovered the lack of jurisdiction within two months after answering the complaint. Appellants note that, by arbitrarily setting such a cut-off date, the district court, in effect, shifted the burden onto appellants to discover the unlawfulness of the forfeiture proceedings.

Second, appellants argue, given appellee's "outrageous conduct," the district court abused its discretion by awarding a minimal amount of money. Appellants stress that, during the two-and-a-half-year pendency of the forfeiture actions, appellants suffered the seizure of their property; the loss of the use of their business capital; the sale of the seized property;[4] and, incurred the costs of defending these actions.

■ We review all aspects of a Rule 11 determination for an abuse of discretion. *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S.Ct. 2447, 2460, 110 L.Ed.2d 359 (1990). The district court has broad fact-finding powers when imposing sanctions under Rule 11. *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1366 (9th Cir.1990) (en banc). These broad fact-finding powers include setting a cut-off date after which attorneys' fees are not compensable. *Hendrix v. Naphtal*, 971 F.2d 398 (9th Cir.1992).

■ We note that the district court could have indicated more clearly how it determined the two-month cut-off. We affirm, however, in light of the district court's wide discretion in awarding attorney's fees under

Rule 11. We find no evidence that the district court abused its discretion.

### B. Attorneys' Fees Pursuant To The EAJA

■ We review a district court's denial of attorneys' fees under the EAJA for an abuse of discretion. *United States v. 50.50 Acres of Land*, 931 F.2d 1349, 1356 (9th Cir.1991). The district court's interpretation of the EAJA is, however, subject to de novo review. *Id.*

■ Appellants contend they are entitled to attorneys' fees under the EAJA, 28 U.S.C. § 2412.[5] The EAJA permits a prevailing party, other than the United States, to recover attorneys' fees and expenses in civil actions involving the United States as a party. Specifically, the EAJA permits a prevailing party to recover expenses incurred in any civil action brought *"in any court having jurisdiction of that action."* 28 U.S.C. § 2412(d)(1)(A). The district court denied attorneys' fees under the EAJA because it had earlier held that it lacked subject matter jurisdiction over the underlying action. The district court thus reasoned that it was not a court "having jurisdiction of that action."

The district court relied upon *Clark v. Busey*, 959 F.2d 808 (9th Cir.1992), which held that "[s]ubject matter jurisdiction to decide the merits of the underlying action is a 'condition precedent' to an award of fees or costs under the EAJA." *Clark*, 959 F.2d at 810. In *Clark*, the plaintiffs filed suit in federal district court, seeking declaratory and injunctive relief against the Federal Aviation Administration (FAA). The court of appeals has exclusive jurisdiction for judicial review of FAA actions, however. Thus, the Ninth Circuit held, "The district court lacked subject matter jurisdiction over Clark's suit, precluding an award of attorney's fees and

---

**4.** We note here that appellants' complaint with regard to the sale of the seized property is baseless. Appellants' property was already subject to signed sales contracts and in escrow. And, appellants stipulated that the sales should go forward.

**5.** Section 2412(d)(1)(A) of Title 28 provides, "[A] court shall award to a prevailing party other than the United States fees and other expenses

... incurred by that party in any civil action (other than cases sounding in tort) ... brought by or against the United States *in any court having jurisdiction of that action,* unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." (Emphasis supplied.)

costs under the EAJA." *Clark,* 959 F.2d at 814.[6]

Appellants contend that *Clark* is distinguishable from the instant case. In *Clark,* subject matter jurisdiction was not found because the plaintiff filed suit in a court which, under no circumstances, would have jurisdiction to resolve the dispute. The plaintiff brought his case in the wrong federal court. In the instant case, however, the parties were litigating in the only court that *could* have exercised jurisdiction over the action if appellee had acted in compliance with 26 U.S.C. § 7401. Thus, appellants conclude, "But for the failure of [appellee] to follow proper procedure as set forth by statute, the district court would have retained jurisdiction to resolve the case on its merits."

Appellants further contend that *Clark* is distinguishable from the instant case on a second ground. In *Clark,* it was the plaintiff that filed an action against the United States in the wrong forum and later moved for attorneys' fees.[7] In the instant case, however, it was appellee, not appellants, that was responsible for the district court's lack of jurisdiction. Appellants assert that appellee's unlawfulness should not bar them from recovery under the EAJA. Appellants stress that they are only seeking reimbursement for expenses incurred while defending themselves against unjustified governmental action. Indeed, this is precisely the purpose of the EAJA. *See Abela v. Gustafson,* 888 F.2d 1258, 1266 (9th Cir.1989).

Appellee counters that 28 U.S.C. § 2412 must be strictly construed because it is a limited waiver of sovereign immunity. *See Levernier Constr., Inc. v. United States,* 947 F.2d 497, 502 (Fed.Cir.1991); *In re Estate of Smith,* 930 F.2d 1496, 1501 (10th Cir.1991); *Lane,* 727 F.2d at 20–21. Thus, appellee contends, the plain language of the statute should be applied. Appellee argues that the EAJA's jurisdictional requirement depends upon "whether the district court had the power ultimately to decide the merits of the underlying action." *Lane,* 727 F.2d at 21. In the instant case, the district court did not ultimately have the power to decide the merits of the underlying action. Indeed, the district court dismissed the underlying action precisely because it did not have this power.

Appellants present the stronger argument. The distinction between "lacking potential jurisdiction" and "having potential, but lacking actual jurisdiction" is reasonable. We therefore find that the district court was a court "having jurisdiction of that action." We reverse and remand for further proceedings. On remand, the district court must determine appellants' eligibility for attorneys' fees. Specifically, the district court will have to determine whether appellants' net worth exceeded $2,000,000 at the time the civil action was filed. 28 U.S.C. § 2412(d)(1)(C)(2)(B)(i). In addition, the district court will have to determine whether appellants complied with all the procedural

---

6. For other cases holding that subject matter jurisdiction is a condition precedent to an award of fees under the EAJA, see *Greater Detroit Resource Recovery Auth. v. EPA,* 916 F.2d 317, 324 (6th Cir.1990) (finding a lack of subject matter jurisdiction barred an EAJA award where plaintiff improperly filed suit in district court); *Johns–Manville Corp. v. United States,* 893 F.2d 324, 328 (Fed.Cir.1989) (finding a lack of subject matter jurisdiction barred an EAJA award where plaintiff improperly filed suit in the Claims Court); *Lane v. United States,* 727 F.2d 18, 20–21 (1st Cir.) (finding a lack of subject matter jurisdiction barred an EAJA award where plaintiff improperly filed suit in the district court), *cert. denied,* 469 U.S. 829, 105 S.Ct. 113, 83 L.Ed.2d 57 (1984).

7. As a result of filing the suit, plaintiff had obtained the relief he was seeking. Thus, he considered himself to be a prevailing party. But, the

district court had not granted the relief plaintiff sought. Rather, it was the very fact that plaintiff had filed the suit, naming the FAA as defendant, that caused the FAA to reconsider its position and give plaintiff the relief he was seeking.

For other cases where plaintiff filed an action in the wrong forum and later moved for attorneys' fees, see *Greater Detroit,* 916 F.2d at 324 (reversing district court's grant to plaintiff attorneys' fees under the EAJA because of lack of subject matter jurisdiction where plaintiff improperly filed suit in district court); *Johns–Manville,* 893 F.2d at 328 (denying plaintiff attorneys' fees under the EAJA because of lack of subject matter jurisdiction where plaintiff improperly filed suit in the Claims Court); *Lane,* 727 F.2d at 20–21 (affirming district court's denial of plaintiff's motion for attorneys' fees under the EAJA because of lack of subject matter jurisdiction where plaintiff improperly filed suit in the district court).

rules and local rules governing an EAJA award. 28 C.F.R. Part 24 (1988); N.D.Cal.R. 270–1 & 270–2. Moreover, the district court will have to determine whether there are any "special circumstances" that would make an award unjust. 28 U.S.C. § 2412(d)(1)(A).

## C. Motion for Restoration

■ We review a district court's denial of a Rule 60(b) motion for an abuse of discretion. *LaFarge Conseils et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1338 (9th Cir.1986).

■ Appellants moved for restoration under Rule 60(b)(4).[8] Appellants contend the district court's orders confirming the sales of 87 Skyline Terrace and 47 Ridge Avenue are void. The orders are void because the district court lacked subject matter jurisdiction over the underlying action. *See Wages v. IRS*, 915 F.2d 1230, 1234 (9th Cir.1990) ("Pursuant to Rule 60(b)(4), a litigant may attack a judgment as void due to lack of subject matter jurisdiction."), *cert. denied*, 498 U.S. 1096, 111 S.Ct. 986, 112 L.Ed.2d 1071 (1991); *Watts v. Pinckney*, 752 F.2d 406, 409 (9th Cir.1985). Because the orders are void, appellants argue, appellants should be restored to the position they would have been in had the orders never been entered. *Watts*, 752 F.2d at 410 (finding that defendant was entitled to restitution under Rule 60(b)(4) because the judgment against him was void); *see also Vander Zee v. Karabatsos*, 683 F.2d 832, 834 (4th Cir.1982) (explaining that a garnishee is entitled to restitution of payment made on a void judgment). To restore appellants to their rightful position, appellants assert, the sales must be undone.

We disagree. Tort claims against the United States are governed by the FTCA. The FTCA provides that "an action cannot be maintained in district court unless the claimant has filed a timely administrative claim. This prerequisite is jurisdictional and must be strictly construed." *Mac'Avoy v. Smithsonian Inst.*, 757 F.Supp. 60, 68 (D.D.C.1991); 28 U.S.C. § 2675(a); *see Caidin v. United States*, 564 F.2d 284, 286 (9th Cir.1977). Appellants have not satisfied this prerequisite.

Second, appellants were not harmed by the sales. Both properties were already in escrow and subject to binding sales agreements when appellee brought the forfeiture actions. In addition, appellants stipulated to the sales. Thus, when the Marshals Service released the proceeds plus interest on February 11, 1991, appellants were restored to the same position they had been in before the forfeiture actions were filed.

Accordingly, the district court did not abuse its discretion by denying appellants' motion for restoration.

## CONCLUSION

For the foregoing reasons, we affirm in part, and reverse and remand in part. We affirm the district court's award of $1,500 in attorney's fees on the basis of Rule 11. The district court has wide discretion in awarding attorneys' fees under Rule 11. We reverse the district court's holding that it must deny attorneys' fees pursuant to the EAJA because it lacked subject matter jurisdiction over the forfeiture proceedings. We remand to the district with instructions to reconsider appellants' motion for attorneys' fees pursuant to the EAJA. We affirm the district court's denial of appellants' motion for restoration.

---

8. Rule 60(b)(4) provides in part, "On motion and upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for the following reasons: ... (4) the judgment is void; .... The motion shall be made within a reasonable time." Fed.R.Civ.P. 60(b)(4).