50 F.3d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Anthony J. LEONE, Debtor.
Richard A. CANATELLA, Appellant,
v.
Carr, McCLELLAN, Ingersoll, Thompson & Horn, Appellee.
 No. 93-16519.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 16, 1995.
Decided March 14, 1995.
 
 1
 Before: FLETCHER, PREGERSON, and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Attorney Richard Canatella appeals from an order of the Bankruptcy Appellate Panel (BAP) affirming the bankruptcy court's order sanctioning Canatella and also ordering Canatella to pay additional sanctions for filing a frivolous appeal. We have jurisdiction and affirm.
 
 
 4
 * In 1987, the bankruptcy court revoked debtor Anthony Leone's discharge in bankruptcy after creditors Thomas Donohoe and Inez Feller filed an adversary proceeding against Leone, alleging that he had concealed estate assets. Appellee Carr, McClellan, Ingersoll, Thompson & Horn ("Carr") represented Donohoe and Feller in the adversary proceeding. By stipulation of the parties, the trustee of the Leone estate, represented by Phelan, Stuppi, Sorenson & McQuaid ("Phelan"), filed a complaint in intervention in the adversary proceeding.
 
 
 5
 More than five years after judgment was entered against him, Leone, represented by Canatella, moved pursuant to Fed.R.Civ.P. 60(b) to vacate the 1987 judgment revoking his discharge. Leone argued that alleged conflicts of interest by Phelan and Carr warranted relief from final judgment. The district court denied the motion to vacate and ordered Canatella to pay $2,500 in sanctions to Carr pursuant to Fed.R.Bank.P. 9011.[1] On appeal to the BAP, Canatella argued that the motion was not frivolous and that the order to pay sanctions violated the First Amendment. The BAP not only affirmed the bankruptcy court's sanction order but also imposed sanctions for a frivolous appeal pursuant to Fed.R.App.P. 38.
 
 
 6
 Undeterred, Canatella now appeals to this court.
 
 II
 
 7
 We reverse a lower court's decision to sanction an attorney only if the court abused its "wide discretion." United States v. 87 Skyline Terrace, 26 F.3d 923, 927 (9th Cir.1994) see Cooter & Gill v. Hartmarx Corp., 496 U.S. 384 (1990). Canatella argued that four conflicts of interest tainted the 1987 judgment revoking Leone's discharge. None of these allegations, however, had any factual basis. The conflicts either were nonexistent at the time of the adversary proceeding or were disclosed to Leone and his attorney.
 
 
 8
 Canatella's motion also lacked any basis in law. A Rule 60(b)(3) motion to relieve a party from a final judgment for fraud, misrepresentation, or other misconduct by an adverse party must be made within one year of entry of judgment, not five years after the fact. To avoid this time limitation, Canatella argued that the motion fell within the scope of Rule 60(b)(4), permitting a court to relieve a party from a void judgment. Rule 60(b)(4) is wholly inapplicable. Although a judgment may be set aside as void if the court acted in a manner inconsistent with due process of law, In re Center Wholesale, Inc., 759 F.2d 1440, 1448 (9th Cir.1985), Canatella failed to show that the alleged conflicts of interest in any way affected the bankruptcy proceeding. Leone had notice of the proceeding, was represented by counsel, and was not deprived of a full and fair adjudication of the issues.
 
 
 9
 Finally, Canatella argued that the conflicts of interest constituted a "fraud upon the court," justifying an action to vacate final judgment. See Rule 60(b) ("This rule does not limit the power of a court to entertain an independent action ... to set aside a judgment for fraud upon the court"). However, to constitute a fraud on the court, alleged misconduct must harm the integrity of the judicial process and hamper the administration of justice. Alexander v. Robertson, 882 F.2d 421, 424 (9th Cir.1989) (quoting 7 J. Moore & J. Lucas, Moore's Federal Practice p 60.33, at 515 (2d ed. 1978)); see also In re Intermagnetics America, Inc., 926 F.2d 912, 916 (9th Cir.1991). For example, a final judgment could be set aside if it were based upon a misrepresentation to the court that was " 'designed to improperly influence the court in its decision,' " or which "inhibit[ed] [the] court from adjudging cases impartially." Alexander, 882 F.2d at 425 (quoting England v. Doyle, 281 F.2d 304, 309 (9th Cir.1960)). Canatella's reliance on the fraud upon the court doctrine in this case was frivolous because the alleged conflicts of interest were wholly nonexistent, at least at the time the bankruptcy court revoked Leone's discharge, so they certainly did not constitute attorney conduct "inhibit[ing] a court from adjudging cases impartially." Alexander, 882 F.2d at 425.
 
 III
 
 10
 Canatella argues that the sanction orders violate the First Amendment by penalizing him for criticizing official conduct. His argument is meritless in light of our previous rejections of First Amendment challenges to Rule 11. Lockary v. Kayfetz, 974 F.2d 1166, 1172 (9th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 2397 (1993); In re Itel Securities Litigation, 791 F.2d 672, 676 (9th Cir.1986) (disregarding First Amendment challenge to sanctions order as "frivolous"), cert. denied, 479 U.S. 1033 (1987).
 
 
 11
 To the extent that Canatella's First Amendment challenge rests on his argument that Rule 9011 failed to provide him with reasonable notice that his conduct would be sanctioned, his claim is belied by his own admissions in this case. In the hearing on the motion to vacate the 1987 judgment against Leone, Canatella admitted that his retainer agreement with Leone was "based upon the very high risk of a sanctions award being entered against me, which is just exactly what has happened. Today a lawyer has to be very realistic about taking positions that are not absolutely solidly grounded as he would like...." Canatella was not realistic enough: his position was less than "not absolutely solidly grounded;" it was groundless.
 
 
 12
 We affirm the BAP's order affirming sanctions against Canatella in the bankruptcy court and ordering additional sanctions for filing a frivolous appeal. Carr requests that we sanction Canatella further. Although we do not approve Canatella's conduct, far from it, the imposition of sanctions is a serious matter that, even though affirmed, ordinarily warrants appellate review. We decline to sanction him further.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Rule 9011 is essentially identical to Fed.R.Civ.P. 11 prior to Rule 11's 1993 amendment. See In re Grantham Brothers, 922 F.2d 1438, 1441 (9th Cir.), cert. denied, 502 U.S. 826 (1991)