**Joseph WILLIAMS, IV, Plaintiff,**

v.

**AMERICAN OVERSEAS MARINE CORP., Defendant.**

No. Civ.A. G–99–566.

United States District Court, S.D. Texas, Galveston Division.

July 10, 2000.

Richard Lee Melancon, Melancon and Hogue, Friendswood, TX, for Joseph Williams, IV, plaintiff.

William Brad Howard, Office of U.S. Attorney, Houston, TX, for American Overseas Marine Corp, United States of America, defendants.

## ORDER GRANTING THE UNITED STATES' MOTION TO VACATE FINAL DEFAULT JUDGMENT, MOTION TO VACATE DAMAGE ASSESSMENT HEARING, MOTION TO VACATE FINDINGS OF FACT AND CONCLUSIONS OF LAW, AND MOTION TO DISMISS

KENT, District Judge.

Plaintiff Williams originally brought this action against Defendant American Overseas Marine Corp. ("AOMC") for personal injuries arising under the Jones Act and general maritime law. The injuries allegedly occurred on June 25, 1999 while Plaintiff was working aboard the S.S. CAPE JACOBS, a vessel that the Court had not previously realized was owned by the Maritime Administration ("MARAD"), an agency of the United States, but operated by Defendant AOMC. In an Order issued May 1, 2000, the Court made Findings of Fact and Conclusions of Law and entered Final Judgment against Defendant AOMC, based on a Default Judgment issued December 30, 1999. Now before the Court is a Motion filed by the United States on behalf of Defendant AOMC seeking the Court to Vacate Final Judgment, to Vacate Damage Assessment Hearing, to Vacate Findings of Fact and Conclusions of Law, and to Dismiss Plaintiff's Complaint. For the reasons stated below, all of the United States' Motions are **GRANTED.**

### I.  MOTIONS TO VACATE

As best the Court can determine, Defendant relies on Rule 60(b)(4) of the Federal Rules of Civil Procedure for relief from judgment. This rule provides in rel-

evant part that: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representation from a final judgment, order, or proceeding for the following reasons ... (4) the judgment is void." FED.R.CIV.P. 60(b). Clearly, a judgment may be void and therefore subject to relief under Rule 60(b)(4) if the trial court lacks subject matter jurisdiction. *See, e.g.,* 11 CHARLES ALAN WRIGHT, ARTHUR R. MILLER AND MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2862, at 326–27 (noting that a judgment is void under Rule 60(b)(4) "only if the court that rendered it lacked jurisdiction of the subject matter"). The United States asks the Court to first tackle the question whether subject matter jurisdiction exists over Plaintiff's claims.

■ Defendant AOMC was hired as an agent to operate and maintain the S.S. CAPE JACOBS, a vessel that the Court has now learned was actually owned by the United States through MARAD. Therefore, at the time of Plaintiff's accident, the United States, via MARAD, served as Plaintiff's employer, with AOMC acting as the general agent to its principal, the United States. The United States argues that as a member of the crew of a United States vessel hired through MARAD as an employee of the United States, Plaintiff qualifies a seaman within the meaning of the Clarification Act.

In relevant part, the Clarification Act provides that civilian seamen employed by the United States aboard government-owned ships may only enforce their right to recover for injuries in accordance with the provisions of the Suits in Admiralty Act. The Suits in Admiralty Act, in turn, waives governmental immunity from liability for the personal injuries sustained by a plaintiff and states that "where a remedy is provided by (the Suits in Admiralty Act) it shall hereafter be exclusive of any other action by reason of the same subject matter against the agent or employee of the United States...." 46 U.S.C.App. § 745 (1994). Applying Section 745, the United

States concludes that Plaintiff's exclusive remedy rests with the United States—for AOMC, as a contract operator of a public vessel, is immune from liability.

Given this statutory backdrop, the United States avers that the Court should vacate its previous Orders in this case for lack of subject matter jurisdiction. Relying on a Ninth Circuit opinion, the United States takes the position that federal subject matter jurisdiction over this claim against AOMC exists, if at all, by virtue of the Clarification Act and the waiver of sovereign immunity contained in the Suits in Admiralty Act, 50 U.S.C.App. § 1291 and 46 U.S.C.App. § 742, respectively. *See Watts v. Pinckney,* 752 F.2d 406, 409 (9th Cir.1985). Mirroring the logic employed in *Watts,* the United States argues that because the Clarification Act contains an administrative exhaustion requirement, the Court must view the administrative exhaustion requirement as a jurisdictional consideration. As a result, Plaintiff must present his claim to MARAD as a prerequisite to maintaining this action. *Id.* According to the United States, Plaintiff has not presented his claim to MARAD; therefore, he has failed to exhaust the administrative remedies mandated by the Clarification Act. Consequently, the United States claims, the Court lacks subject matter jurisdiction over this case, thereby making the Court's original judgment "the proper subject of a 60(b)(4) motion to vacate." *Id.* The Ninth Circuit's position notwithstanding, the Court respectfully disagrees, relying instead on binding Fifth Circuit authority.

Plaintiff has not directed any claims against the United States in this case; more importantly, he has alleged in his pleadings that the Court has federal subject matter jurisdiction under admiralty jurisdiction and not under the Suits in Admiralty Act. Because this case falls within 28 U.S.C. § 1331, the Court clearly has subject matter jurisdiction, regardless of the fact that Plaintiff elected not to present his claim to MARAD. *See Martin*

*v. Miller,* 65 F.3d 434, 441 (5th Cir.1995) (holding that the trial court had subject matter jurisdiction over claims made by a plaintiff seaman covered under the Clarification Act, even though the plaintiff failed to name the United States as a party to the suit or to exhaust his administrative remedies in accordance with the Clarification Act). Lack of subject matter jurisdiction cannot form the basis for vacating the Court's previously entered Orders.

■ The United States, however, offers a second argument that, in the Court's view, justifies relief under the equitable principles found in Federal Rules of Civil Procedure 60(b)(6). *See* FED.R.CIV.P. 60(b)(6) (granting federal courts authority to relieve a party from a final civil judgment "upon such terms as are just"). The United States claims that Plaintiff's suit must be dismissed as barred by the Suits in Admiralty Act, which, as the Court has previously mentioned is a statute immunizing certain private companies, such as AOMC, from liability. *See* 46 U.S.C.App. § 745 ("[W]here a remedy is provided by [the Suits in Admiralty Act] it shall hereafter be exclusive of any other action by reason of the same subject matter against the agent or employee of the United States or of any incorporated or unincorporated agency thereof whose act or omission gave rise to the claim."). According to the United States, a "remedy is provided." Plaintiff's claim is one for personal injuries, which falls clearly within the Clarification Act's allowance of claims for "injuries, illness, maintenance and cure" to be enforced under the Suits in Admiralty Act. Given that Plaintiff's claim is governed by the Clarification Act, it must "be enforced pursuant to the provisions of the Suits in Admiralty Act." 46 U.S.C.App. § 1291(a). To determine if it would have been proper to dismiss Plaintiff's claim, the Court turns to the Suits in Admiralty Act.

The Fifth Circuit has held that the Suits in Admiralty Act attaches if "one, the underlying maritime law would permit the seaman to state the same claim against a private party, and two, the United States has waived its sovereign immunity with respect to that claim." *Martin,* 65 F.3d at 442 (citing *Williams v. Central Gulf Lines,* 874 F.2d 1058, 1061 (5th Cir.1989)). There is no doubt that Plaintiff, as a seaman, would have a viable claim against AOMC, had the Clarification Act not applied in this case. Thus, applicable maritime law would permit Plaintiff to state a claim for relief against a private party in the position of the United States. Hence, the United States has satisfied the first prong of the *Williams* test. With respect to whether the United States has waived its sovereign immunity, 46 U.S.C.App. § 742 provides that "if such vessel were privately owned or operated ... or if a private person or property were involved ... a proceeding in admiralty could be maintained, any appropriate nonjury proceeding in personam may be brought against the United States." Plaintiff's personal injury claim easily falls within this broad waiver of sovereign immunity. Therefore, the second prong of the *Williams* analysis is also met. In sum, the Court finds that Plaintiff has a traditional claim under maritime law, and that the United States has waived its sovereign immunity with respect to a suit on that claim. Accordingly, the Court holds that the exclusivity provision of the Suits in Admiralty Act precludes Plaintiff's action against Defendant AOMC. Instead, Plaintiff's remedy rests exclusively in an action *in personam* against the United States, in accordance with the Clarification Act and the Suits in Admiralty Act. Applying this discussion to Rule 60(b)(6) reveals that granting the United States' motions to vacate is appropriate.

■ In *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396 (5th Cir.1981), the Fifth Circuit promulgated several factors relevant to considering a motion under Rule 60(b)(6), including: (1) whether the motion was made within a reasonable time; (2) whether the movant had a fair opportunity to present his claim or defense; and (3)

whether granting relief would be equitable. *Id.* at 402. The United States meets each element of this test. First, the Motion to Vacate was timely and providently made— the United States filed its motions within ten days of the Court releasing its Findings of Fact and Conclusions of Law. Second, in issuing its Orders, the Court operated under the mistaken assumption that the S.S. CAPE JACOBS was owned by Defendant AOMC and that the Clarification Act did not apply. Until now, the United States had not had an opportunity to present this evidence clarifying the issues surrounding ownership of the vessel.[1] Third, and most importantly, to levy damages against Defendant AOMC when federal statutes aim to specifically prevent such a result would be inequitable. With the benefit of hindsight, the Court now recognizes that the Default Judgment as well as the Findings of Fact and Conclusions of Law previously issued—each of which assumed that Defendant AOMC owned and operated the S.S. CAPE JACOBS—are improperly based. To allow these Orders to stand in the face of what the evidence now shows was an incomplete and incorrect set of facts would be, in the Court's view, manifestly unjust. Taken together, it is the Court's position that the Section 745 bar preventing Plaintiff from suing Defendant AOMC constitutes a proper reason "justifying relief from the operation of the judgment" under Rule 60(b)(6). Given the importance of preserving the legitimacy of the Clarification Act, the Court believes such compelling considerations are shown here. As a result, the Court finds that Rule 60(b)(6) relief is warranted. *See Klapprott v. United States,* 335 U.S. 601, 614–15, 336 U.S. 942, 69 S.Ct. 384, 93 L.Ed. 1099 (1949) (noting that Rule 60(b)(6) provides courts the authority "adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice"); *Harrell v.*

*DCS Equip. Leasing Corp.,* 951 F.2d 1453 (5th Cir.1992) (recognizing that "Rule 60(b)(6) is a grand reservoir of equitable power to do justice in a particular case when relief is not warranted by the preceding clauses"). Accordingly, the United States' Motion to Vacate Final Judgment Order, Motion to Vacate Damage Assessment Hearing, and Motion to Vacate Findings of Fact and Conclusions of Law are each **GRANTED.**

## II. MOTION TO DISMISS

The Federal Rules of Civil Procedure authorize a court, upon suitable showing, to dismiss any action or any claim within an action for failure to state a claim upon which relief can be granted. *See* FED. R.CIV.P. 12(b)(6). When considering a motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint, and views them in a light most favorable to the plaintiff. *See Malina v. Gonzales,* 994 F.2d 1121, 1125 (5th Cir. 1993). Unlike a motion for summary judgment, a motion to dismiss should be granted only when it appears without a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle her to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir. 1994). As the Court has noted previously, the Clarification Act and the Suits in Admiralty Act preclude Plaintiff from pursuing his claims against Defendant AOMC. Consequently, the Motion to Dismiss Plaintiff's Complaint against Defendant AOMC is **GRANTED,** though Plaintiff retains the option of filing suit against the United States, as the limitations period has not expired.

## III. CONCLUSION

After reviewing all pleadings on file, the Court finds that the reasons articulated by

---

1. Apparently, the United States Attorney's Office was never contacted by Plaintiff about the facts alleged in this case. *See United States' Reply to Plaintiff's Resp. to Motions to Vacate and Dismiss at 1; Pl.'s Surreply to United States' Reply to Pl.'s Resp. to Motions to Vacate and Dismiss at 1–2.*

the United States for vacating the Court's previously entered judgments against Defendant AOMC do justify relief under Rule 60(b). Accordingly, the Motion to Vacate Final Judgment, the Motion to Vacate Damage Assessment Hearing, the Motion to Vacate Findings of Fact and Conclusions of Law are **GRANTED.** Additionally, the Motion to Dismiss is **GRANTED,** and the claims filed against Defendant AOMC are **DISMISSED WITHOUT PREJUDICE.** Of course, Plaintiff is free to seek relief against the United States for the claims raised in this case. To facilitate this process, counsel for all parties in interest—including the United States—are **ORDERED** to appear before the Court on **September 6, 2000 at 10:30 a.m.** for a Status Conference to discuss settlement possibilities and to set deadlines, if necessary.

The parties are **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider and the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course. **IT IS SO ORDERED.**